Final Settlement of GEORGE PHILLIPS, Administrator.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

Administration: FINAL SETTLEMENT. Where the probate court, a referee in the circuit court, and the circuit court by their several findings, have approved the final settlement of an administrator, and the errors and delinquences of the administrator were mere matters of form, and not of substance, such judgment will be affirmed.

*Appeal from the Moniteau Circuit Court.*—Hon. E. L. Edwards, Judge.

AFFIRMED.

*Edmund Burke*, for the appellant.

*L. F. Wood*, for the respondent.

GILL, J.—This is an appeal from the final settlement of an administrator. In the probate court elaborate objections were filed by several of the heirs, but after hearing the matter all withdrew except Mrs. Madole, the present objector, who has no substantial interest in the matters at issue. A full hearing was had in the probate court, and the settlement of the administrator approved.

An appeal was taken then in the name of Mrs. Madole to the circuit court, and by consent referred to W. S. Davidson, as referee. The referee, on the sixth day of March, 1888, being the second day of the March term, 1888, of the Moniteau circuit court, returned into court his report and the papers in the cause, together with the evidence taken before him, and stated the account of the administrator practically as determined in the probate court. Thereupon these objectors filed in the circuit court exceptions to the referee's report, which were taken up by the circuit court, heard and overruled, and judgment entered approving and confirming the settlement of the administrator. Mrs. Madole and husband, objectors, have appealed to this court.

We have examined with care the entire record of this cause; and while, in the administration of the estate, the administrator has not in all cases pursued, in technical detail, the requirements of the law, we fail to see wherein any substantial interests of these objectors,

or other heirs of the estate, have been abused. In the disposition of the corn crop, for example, while it was improper for the administrator to sell it to himself without order or approval of the court, it would yet seem from the evidence, as found by the judgment of two courts, that the administrator charged himself up with every bushel, and at the highest market price. So, with other apparent delinquencies charged against the administrator, it would seem, as adjudged by the probate and circuit court, the errors were mere matters of *form* and not of *substance*.

Upon a review then of the numerous objections (being thirty-three in all) assigned by the appellants, in the light of the evidence sent up with the record, we can discover no just ground to reverse the cause and grant a new trial. The judgment therefore of the circuit court is affirmed. The other judges concur.